**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Russell Barnett,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-725**     (JCN: 2021018364)
(ICA No. 24-ICA-178)

**Shaft Drillers International, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Russell Barnett appeals the October 1, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Barnett v. Shaft Drillers International, LLC,* No. 24-ICA-178, 2024 WL 4362424 (W. Va. Ct. App. Oct. 1, 2024) (memorandum decision). Respondent Shaft Drillers International, LLC filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the March 25, 2024, order by the Workers' Compensation Board of Review, which affirmed the June 23, 2023, claim administrator's order denying the request to add a superior labrum from anterior to posterior ("SLAP") tear of the right shoulder as a compensable condition.

On appeal, the claimant argues that the ICA's decision is clearly wrong in light of the substantial evidence in the record which indicates that his mechanism of injury and the chronology of his symptoms demonstrate the causal link between claimant's right shoulder symptoms and the compensable injury of March 2, 2021. The claimant contends that George Bal, M.D., a respected orthopedic surgeon, submitted his Diagnosis Update to reflect the injury he diagnosed through an MRI, which led him to perform arthroscopic surgery. As such, the claimant believes that the SLAP tear condition of the right shoulder should have been added as a compensable condition in the claim. The employer counters by arguing that Dr. Bal's operative report does not support his request for a Diagnosis Update because the operative note indicates that claimant's labrum was not torn at all. As a result, the employer contends that it is impossible for the claimant to have sustained a SLAP tear in the course of and resulting from his employment, as a SLAP tear is a torn labrum.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty.*

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Maureen Kowalski.

1

*Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: May 28, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV